UNITED STATES, Appellee

v

RICHARD M. HICKS, Private First Class, U. S. Marine Corps, Appellant

15 USCMA 68, 35 CMR 40

No. 17,987

October 2, 1964

*Lieutenant Colonel Charles B. Sevier,* USMC, and *Lieutenant Thomas J. Hilligan,* USNR, were on the brief for Appellant, Accused.

*Lieutenant H. D. Campbell,* USNR, was on the brief for Appellee, United States.

### Opinion of the Court

PER CURIAM:

Tried by special court-martial, the accused was found guilty of larceny of a wristwatch, in violation of Uniform Code of Military Justice, Article 121, 10 USC § 921, and sentenced to bad-conduct discharge, forfeiture of $50.00 per month for four months, confinement at hard labor for four months, and reduction. Intermediate appellate au-

thorities affirmed, with one member of the board of review dissenting, and accused has filed a timely petition for review with this Court, without specifying error.

Examination of the record discloses that accused, contrary to evidence adduced by the Government, claimed testimonially that he did not steal the watch from the alleged victim but conceded that he pawned it, in light of the fact that the pawn ticket bore both his name and fingerprint. According to Hicks, it was common practice for him to "[t]ake things out for friends and pawns [sic] it, or borrow things from friends and pawn it." He was unable to recall the "friend" for whom he had pawned the watch and to whom he had given the proceeds of the pledge.

Without in any manner tailoring the instructions to the evidence before him, the president advised the court, among other things, that it might find the accused guilty, if it was convinced beyond a reasonable doubt that he "wrong-fully took, obtained, or withheld" the property described in the specification, without the consent of the owner, and with the requisite intent to steal. At no point, did he advise the court of the fact that accused could not be convicted of larceny solely on the basis of pawning a stolen watch or failing to redeem it and return it to the true owner. Cf. United States v McFarland, 8 USCMA 42, 23 CMR 266. In short, under the instructions, the court might have convicted the accused of larceny on the basis of "withholding" the watch from its proper owner rather than on the correct theory of taking it from his possession originally. Such failure properly to submit the theories of the respective parties was prejudicially erroneous. United States v Jones, 13 USCMA 635, 33 CMR 167.

The petition for review is granted. The decision of the board of review is reversed, and the record of trial is returned to The Judge Advocate General of the Navy. A rehearing may be ordered.